# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ANAS SHABAN,<br>*Plaintiff*<br><br>v.<br><br>UNITED FINANCIAL<br>CASUALTY COMPANY,<br>*Defendant* § § § § § § § § | Case No. 1:22-CV-00847-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
       **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Motion to Dismiss and, in the Alternative, Motion to Abate, filed October 5, 2022 (Dkt. 4); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, filed October 19, 2022 (Dkt. 11); and Defendant's Reply, filed October 26, 2022 (Dkt. 14). On November 28, 2022, the District Court referred the Motion and related filings to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 16.

## I.   Background

Plaintiff Anas Shaban alleges that he is entitled to uninsured motorist insurance ("UIM") benefits under his insurance policy ("Policy") with Defendant United Financial Casualty Company.[1] In his Original Petition filed in state court, Plaintiff alleges that he was driving his vehicle southbound on South Congress Avenue in Austin, Texas on March 1, 2020, when "[a]n

---

[1] Plaintiff originally filed this lawsuit against Defendant's parent company, Progressive Mutual Insurance Company, Inc. Dkt. 1 at 6. Defendant was substituted after removing this case to federal court. Dkt. 3.

uninsured driver, Ali Surky" crashed into the back of his vehicle. Dkt. 1 at 7. Plaintiff alleges that Surky was "driving erratically at a high rate of speed behind Plaintiff" when he "suddenly and erratically, attempted to make an unsafe lane change into Plaintiff's lane of travel and crashed into Plaintiff's vehicle back driver's side." *Id.* Plaintiff alleges that his vehicle was damaged significantly in the collision and deemed a "total loss." *Id.* Plaintiff also alleges that he sustained significant injuries in the collision. *Id.*

Plaintiff alleges that his Policy in effect at the time of the accident included UIM coverage. Therefore, Plaintiff submitted a claim with Defendant for his alleged damages and injuries "stemming from the collision." *Id.* at 8. Plaintiff alleges that Defendant wrongfully denied the claim and failed to compensate him under the UIM provision of his Policy. *Id.* at 9.

On April 13, 2022, Plaintiff filed his Original Petition in state court, asserting claims for breach of contract, negligence and misrepresentation, and bad faith under Chapter 541 of the Texas Insurance Code and Section 17.46 of the Texas Business & Commerce Code ("TDTPA"). *Id.* at 8-12. Plaintiff also seeks a judicial declaration under the Texas Declaratory Judgment Act ("TDJA"), Texas Civil Practices and Remedies Code § 37.004(a), declaring (1) that Plaintiff is legally entitled to uninsured motorist coverage under Defendant's policy; (2) the amount of damages incurred as a result of the underlying collision; and (3) the amount of damages Defendant is obligated to pay under the Policy. *Id.* at 9-10.

Defendant removed this case to federal court on August 19, 2022, based on diversity jurisdiction under 28 U.S.C. § 1332. Defendant now moves to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) ***except*** his claim for declaratory relief. Plaintiff opposes the Motion.

## II.     Applicable Legal Standards

"A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (cleaned up). Therefore, in reviewing a Rule 12(b)(6) motion to dismiss, the court must "assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff." *Id.* The complaint survives if it contains sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although this framework is one-sided, the issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims." *Sewell*, 974 F.3d at 582 (citations omitted).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents." *Id.* But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

When federal jurisdiction is based on diversity of citizenship, as in this case, federal courts look to the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Therefore, Texas law governs this diversity action.

### III. Analysis

Defendant argues that Plaintiff fails to plead facts sufficient to establish that he is "legally entitled" to recover UIM benefits under the Policy. Dkt. 4 at 3. Relying on *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006), Defendant argues that it has no contractual duty to pay UIM benefits until Plaintiff obtains a judgment establishing Surky's liability and underinsured status and the amount of any recoverable damages. Because Plaintiff has not obtained such a judgment determining liability and damages, if any, Defendant argues that his claims for breach of contract, negligence and misrepresentation, and bad faith under Chapter 541 of the Texas Insurance Code and the TDTPA must be dismissed for failure to state a claim as a matter of law. Alternatively, Defendant moves to abate Plaintiff's claims pending a judgment on the tortfeasor's liability and Plaintiff's declaratory judgment action.

#### A. Plaintiff's Breach of Contract Claim

Plaintiff alleges that "Defendant has breached its contract with Plaintiff by failing to compensate Plaintiff under the underinsured motorist provision of his policy for his injuries and damages." Dkt. 1 at 9. To state a claim for breach of contract under Texas law, a plaintiff must allege: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Thus, Plaintiff's Petition "must assert enough facts that make it plausible that a contract existed between the parties, [plaintiff] fully performed, the contract was breached, and [plaintiff] has been harmed." *Provision Grp., Inc. v. Crown Toxicology, Ltd.*, No. 5:16-CV-1291-DAE, 2017 WL 11221433, at *3 (W.D. Tex. Oct. 19, 2017).

The State of Texas requires automobile insurance providers to provide "uninsured or underinsured motorist coverage," which "protects insureds who are legally entitled to recover from

4

owners or operators of uninsured or underinsured motor vehicles." TEX. INS. CODE § 1952.101(a). To be "legally entitled" to recover benefits under a UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages. *Brainard*, 216 S.W.3d at 818 (interpreting prior version of statute). Thus, under a UIM policy, receipt of benefits is "conditioned upon the insured's legal entitlement to receive damages from a third party." *Id.*

"The insured's legal entitlement to receive UIM benefits arises upon obtaining a judgment establishing the liability and underinsured status of the alleged tortfeasor." *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4204148, at *2 (W.D. Tex. Sept. 15, 2021) (citing *Brainard*, 216 S.W. 3d at 818). Consequently,

> the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay. Where there is no contractual duty to pay, there is no just amount owed.

*Brainard*, 216 S.W.3d at 818 (citations omitted). Moreover, "neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.*

Plaintiff has not pled the existence of a judgment establishing Surky's liability and underinsured status. Without that allegation, Plaintiff's Petition fails to establish that Defendant had an obligation to pay UIM benefits. *See Piazzo v. Allstate Indem. Co.*, No. 4:21-CV-01690, 2022 WL 1769198, at *2 (S.D. Tex. Apr. 27, 2022) (holding that insured's breach of contract claim "must be dismissed because she has failed to plead the existence of a judgment establishing [tortfeasor's] liability and underinsured status"); *Martinez v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-35-DAE, 2019 WL 5789988, at *5 (W.D. Tex. June 18, 2019) (dismissing insured's breach of contract claim where she failed to plead the existence of a judgment establishing alleged

5

tortfeasor's liability and underinsured status); *Rodriguez v. Allstate Fire & Cas. Ins. Co.,* No. 5:18-CV-1096-OLG, 2019 WL 650438, at *2 (W.D. Tex. Jan. 10, 2019) (same); *Adedipe v. Safeco Ins.*, No. 4:17-CV-347-ALM-CAN, 2017 WL 6811798, at *4 (E.D. Tex. Oct. 18, 2017) (same).

For these reasons, the Court recommends that Plaintiff's breach of contract claim be dismissed.

## B. Plaintiff's Negligence, Misrepresentation, and Bad Faith Claims

Plaintiff alleges that Defendant was negligent in investigating, evaluating, compensating, and settling his insurance claim. He also alleges that Defendant made misrepresentations about the coverage under the Policy. Finally, Plaintiff contends that Defendant's failure to promptly settle and pay his insurance claim violated Chapter 541 of the Texas Insurance Code and the TDTPA.

All of these extra-contractual claims fail because they are premised on Defendant's alleged failure to pay UIM benefits under the Policy, and Plaintiff "does not allege that he suffered any damages unrelated to and independent of the policy claim." *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005). Accordingly, Plaintiff's extra-contractual claims also should be dismissed. *See Martinez*, 2019 WL 5789988, at *8 (holding that plaintiff's extra-contractual claims failed because she did not allege that she suffered any damages "unrelated to and independent of the policy claim"); *Rodriguez*, 2019 WL 650438, at *2 (same).

## C. Plaintiff's TJDA Claims

As noted above, Defendant does not move to dismiss Plaintiff's requests for declaratory relief under the TDJA. This is prudent, given that the Texas Supreme Court recently confirmed that the TDJA is "properly invoked to determine the parties' status and responsibilities under [a] UM/UIM policy prior to its breach." *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021). Plaintiff's claim for declaratory relief therefore is proper and may proceed. *See Villegas v. M.G. Dyess, Inc.*, No. 5-19-CV-1057-OLG-RBF, 2021 WL 7185479, at *2 (W.D. Tex. June 23, 2021) (denying motion to dismiss claim for declaratory relief), *R. & R. adopted*, 2021 WL 7185478 (W.D. Tex.

July 15, 2021). Because Plaintiff is now proceeding in federal court, however, the Court construes his declaratory judgment claims under the Federal Declaratory Judgment Act. *Id.*

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant United Financial Casualty Company's Motion to Dismiss under Rule 12(b)(6) (Dkt. 4) and **DISMISS** Plaintiff's breach of contract claim, negligence and misrepresentation claim, and bad-faith claims under Chapter 541 of the Texas Insurance Code and Section 17.46 of the Texas Business & Commerce Code. Plaintiff's claims for declaratory relief (Dkt. 1 at 9-10) remain pending.

It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 18, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

7